Michael Peffer (SBN: 192265)
**PACIFIC JUSTICE INSTITUTE**
2200 N. Grand Ave.
Santa Ana, CA 92704
Tel: (714) 796-7150
Email:  michaelpeffer@pji.org

Attorney for Plaintiff, ROBERT VARKONYI

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT VARKONYI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED LAUNCH ALLIANCE, LLC, et al, and DOES 1 to 100, inclusive<br><br>Defendant. | Case No.: 2:23−cv−00359−SB−MRW<br><br>**SECOND AMENDED VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.]**<br><br>**(DEMAND FOR JURY TRIAL)** |

## **INTRODUCTION**

Plaintiff, ROBERT VARKONYI, brings this action against UNITED LAUNCH ALLIANCE, LLC, (UNITED), a privately held corporation. This action is based on violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et. seq.).

- 1 -

The gravamen of this Complaint is that UNITED refused to accommodate, retaliated against, otherwise discriminated against, and subsequently terminated Plaintiff because he asked for accommodation to his religious beliefs. UNITED knew or should have reasonably known that Mr. Varkonyi held religious beliefs because he asserted them. UNITED nevertheless failed to accommodate and terminated an employee in retaliation for seeking an accommodation.

## JURISDICTION AND VENUE

**1.** This Court has authority over this action pursuant to 28 U.S.C. § 1331, in federal questions raised under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

**2.** Venue is proper in the Central District of California under 42 U.S.C. § 2000e-5(f)(3), in that UNITED maintains significant operations within the Central District of California. The location of the company who's the alleged unlawful employment practices took place is within the City of Vandenberg Air Force Base, in the County of Santa Barbara, within the Central District of California. This case is appropriate for assignment to the Western Division.

## PARTIES

### PLAINTIFF

**3.** At all times relevant herein, ROBERT VARKONYI was an employee of UNITED and worked his final position as Quality Technical Leader 4. Mr. Varkonyi resided in Lompoc, CA in the county of Santa Barbara, at the time of the events that gave rise to this Complaint.

**SECOND AMENDED VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

# DEFENDANT

4.     Upon information and belief, UNITED LAUNCH ALLIANCE, LLC, is a privately held company operating on the Vandenberg Air Force Base, California, incorporated in Delaware and authorized to do business in California. At the time of the events that gave rise to this Complaint, UNITED employed Plaintiff as a Quality Technical Leader. Plaintiff is informed and thereupon believes that Vandenberg Air Force Base is a Federal Enclave, and therefore UNITED is governed by Federal law with respect to employment matters.

# STATEMENT OF FACTS

5.  Mr. Varkonyi was employed with UNITED, from January 2019 to November 15, 2021.  He held the position of Quality Technical Leader 4 with UNITED.

6.   Mr. Varkonyi is a follower of the Christian faith.

7.  Mr. Varkonyi believes that his body belongs to God and is a temple of the Holy Spirit.

8.  Mr. Varkonyi believes that it is against his religion to ingest or inject his body with possible harmful substances.

9.  Mr. Varkonyi's understanding is that the manufacturers of the COVID-19 vaccine use aborted fetal tissue, the lining of aborted fetal tissue, or both forms of fetal tissue. Mr. Varkonyi's faith strongly opposes abortion and the use of aborted fetal tissues for any reason.

10.     In early September 2021, UNITED sent notification to all of its

employees of its intention to implement a mandatory COVID-19 vaccine policy that would take effect by October 1, 2021. Within this notification, UNITED stated that employees would be allowed to apply for religious and medical exemptions as per Title VII of the 1964 Civil Rights Act.

**11.** During his research regarding fellow employee's claims, Mr. Varkonyi has been informed and thereupon alleges that UNITED gave exemptions to employees seeking medical exemptions at other locations. Furthermore, UNITED has on-site contractors who have unescorted access to UNITED facilities who were not required to be vaccinated in order to enter UNITED facilities.

**12.** UNITED'S COVID-19 mandatory vaccine policy stated that any employee that did not apply for an exemption for an accommodation, or was denied an exemption with an accommodation, by October 29, 2021, would be considered to have voluntarily resigned from UNITED.

**13.** UNITED'S Human Resources Policy allows a Religious Exemption Request to be filed by employees, UNITED form HR-126A, with a sincere religious belief that would require an exemption from being vaccinated with the COVID-19 Vaccine.

**14.** September 30, 2021, Mr. Varkonyi requested a religious exemption from UNITED'S COVID-19 Vaccine Policy (Policy) because of his strongly held religious beliefs.

**15.** October 1, 2021, UNITED'S mandatory COVID-19 vaccine policy took effect.

**16.** October 21, 2021, UNITED denied Mr. Varkonyi's request for religious

- 4 -
**SECOND AMENDED VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

exemption. According to UNITED, an undue hardship to the company would occur due the costs of weekly testing of the unvaccinated, the volume of requests, and continued outbreaks at UNITED'S facilities. Further, UNITED feared that it would not be able to conduct business with the federal government and government contractors, such as the National Reconnaissance Office (NRO), for all its employees and contractors doing business were to be vaccinated.

17. All government entities and contractors are under the same laws of the United States of America as all individuals and businesses of the United States. Although a government contractor or entity requires COVID-19 vaccines for all its employees and contractors, Title VII of the Civil Rights Act of 1964, § 2000(e) *et seq*, is still legally in full force and effect for all individuals. Moreover, Mr. Varkonyi's employment within a Federal Enclave, allows Federal law to be applied to him, such as: Religious Freedom Restoration Act (RFRA) and the First Amendment of the U.S. Constitution; just as it precludes him from asserting California law-based causes of action. *Taylor v. Lockheed Martin Corp.*, 78 Cal.App.4th 472 (2000).

18. At the bottom footer of UNITED'S denial letter to Mr. Varkonyi's request for a religious exemption, it states, "Employees with an approved accommodation will be required to complete regular COVID-19 testing, in lieu of receiving the vaccine. Testing will be done weekly, at minimum, and customer requirements may require more frequent testing in some situations, which may apply to the employee." UNITED had already prepared for such accommodations as requested by Mr. Varkonyi.

**SECOND AMENDED VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

**19.** Prior to the implementation of its COVID-19 vaccine policy, UNITED had provided for weekly testing for its employees, mandatory wearing of face masks, social distancing of 6 feet or more, minimal contact, daily temperature checks, quarantine requirements, and allowed employees to work remotely. All during this time, these accommodations were allowed for all UNITED employees. With a greatly reduced number of employees needing accommodations after UNITED'S vaccine policy deadline of October 29, 2021 (only 100 applied for a religious exemption) the implied hardship upon UNITED would be nonexistent or at most, greatly reduced.

**20.** October 25, 2021, UNITED sent a notice to all its employees that if an employee was not vaccinated by October 29, 2021, do not show up for the following workday. An unvaccinated employee would at that point be put on unpaid leave while their resignation would be processed. Further, Mr. Varkonyi wrote in an email to Mr. Jose G. Duenas, UNITED'S Labor Relations Specialist, that he, Mr. Varkonyi, would not be resigning, but he would appeal the denial of his request for a religious accommodation, and file a grievance with Equal Employment and Opportunity Commission.

**21.** October 26, 2021, UNITED acknowledged that it denied all requests for religious exemptions.

**22.** UNITED did not provide an interactive process with Mr. Varkonyi to discover if an accommodation would be available to meet Mr. Varkonyi's religious beliefs.

**23.** October 27, 2021, Mr. Varkonyi appealed the decision denying his request

- 6 -
**SECOND AMENDED VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

for a religious accommodation as per UNITED'S Human Resources internal policy.

24. November 3, 2021, Mr. Varkonyi requested the status of his appeal and if he was still an employee of UNITED. UNITED'S Jose G. Duenas stated that Mr. Varkonyi was still an employee and could utilize UNITED'S health insurance.

25. November 15, 2021, Mr. Varkonyi received confirmation from Mr. Jose G. Duenas that he was no longer employed by UNITED.

26. May 12, 2022, through the process of Mr. Varkonyi applying for unemployment insurance, the California Employment Development Department (EED) found that UNITED did not have the right to terminate Mr. Varkonyi due to his request for a religious accommodation. Further, the EED did not find that Varkonyi resigned.

27. After the EED's decision in favor of Mr. Varkonyi, UNITED vindictively filed an appeal to further the delay of Mr. Varkonyi's right to unemployment benefits.

28. UNITED was egregiously prejudicial against Mr. Varkonyi when it failed to accommodate his religious accommodation. At all times Mr. Varkonyi was willing to submit to testing for COVID-19 and wear approved personal protection devices while working in-person with employees and members. Mr. Varkonyi was also willing to adhere to the same accommodation provided to other staff of working remotely from home. UNITED unreasonably denied Mr. Varkonyi's request for a religious accommodation and failed to work with Mr. Varkonyi. This is obviously an extreme prejudicial stance by UNITED against Mr. Varkonyi's

strongly held religious beliefs.

**29.** Mr. Varkonyi received a Notice of Right to Sue (NRTS) from the EEOC on October 21, 2022. Mr. Varkonyi's EEOC NRTS serves as "Exhibit One" for the purpose of this Complaint.

## FIRST CAUSE OF ACTION

**Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.] Disparate Treatment based on Religion Against UNITED**

**30.** PLAINTIFF hereby incorporates and realleges the preceding paragraphs, as though fully set forth herein.

**31.** Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), it is an unlawful employment practice for an employer: (1) to fail or refuse to hire or discharge any individual, or otherwise discriminate against any individual with respect to his or her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his or her employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his or her status as an employee, because of such individual's race, color, religion, sex, or national origin.

**32.** A plaintiff can make out a prima facie case under Title VII by showing (1) he held a bona fide religious belief, the practice of which conflicted with an employment duty; (2) the employer took adverse action—including the refusal to

- 8 -

hire—because of the plaintiff's inability to fulfill the job requirement; and (3) the plaintiff's religious practice was a motivating factor in the employer's decision. Chin et al., Cal. Prac. Guide: Employment Litigation (The Rutter Group 2019) ¶ 7:620; see also Abercrombie & Fitch, 575 U.S. at 775.

33. Mr. Varkonyi was, at all times relevant herein, an employee and applicant covered by U.S.C. 42 § 2000e et seq.

34. Mr. Varkonyi held a deeply sincere religious objection to receiving the COVID-19 vaccine injection, and asked UNITED to accommodate his sincerely held religious belief.

35. Mr. Varkonyi's request to have his religious accommodation approved was denied.

36. UNITED did not attempt to and refused to accommodate Mr. Varkonyi with any of the recommended accommodations they provided in UNITED'S COVID-19 Policy.

37. Therefore, Mr. Varkonyi's religious beliefs and practices were a motivating factor in his termination.

38. Mr. Varkonyi eventually was informed that although UNITED granted some accommodations for fellow employees with medical conditions, it did not grant such accommodations for those with objections based on sincerely held religious objections.

39. PLAINTIFF suffered significant damages because of UNITED'S unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

**40.**     UNITED intentionally violated PLAINTIFF'S rights under Title VII with malice or reckless indifference.

**41.**     Mr. Varkonyi is entitled to backpay, front pay, compensatory damages, punitive damages, attorney's fees, costs of suit, a declaration that UNITED violated his rights under Title VII, and an injunction preventing UNITED from enforcing its discriminatory policies.

**42.**     Mr. Varkonyi is entitled to further relief as set forth below in his Prayer for Relief.

## SECOND CAUSE OF ACTION

**Violation of Title VII of the Civil Rights Act of 1964 Disparate Impact on the Basis of Religion (42 U.S.C. § 2000e-2(a)(2) & (k)) Against UNITED**

**43.**     PLAINTIFF hereby incorporates and realleges the preceding paragraphs, as though fully set forth herein.

**44.**     UNITED's insistence on the COVID-19 vaccine requirement without any accommodation deprives and tends to deprive PLAINTIFF and other similarly situated individuals of employment opportunities on the basis of religion in violation of Title VII's disparate-impact prohibition. 42 U.S.C. §§ 2000e-2(a)(2) & (k).

**45.**     Title VII makes it illegal for an employer to "limit, segregate, or classify his employees or applicants . . . in any way which would deprive or tend to deprive any individual of employment opportunities . . . because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(2).

**46.**     Furthermore, the statute provides that an unlawful employment

**SECOND AMENDED VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

practice based on disparate impact is established when either an employee shows that an employment policy causes such a disparate impact and the employer fails to show "that the challenged practice is job related . . . and consistent with business necessity," or the employee shows there is an alternative way to serve the stated needs but the employer refuses it. 42 U.S.C. § 2000e-2(k)(1)(A).

**47.** Even if facially neutral, UNITED's categorical requirement that all employees are vaccinated without any accommodations causes a disparate impact on PLAINTIFF (and any similarly situated religious individual who shares his religious beliefs) by forcing him to abandon his religious objections or forgo employment with UNITED.

**48.** Furthermore, UNITED's categorical position on the vaccines is neither required for job in question nor consistent with business necessity. Moreover, UNITED refused the less-restrictive but feasible option of allowing undergo regular testing and wearing PPE preserving his religious conscience.

**49.** PLAINTIFF suffered significant damages because of UNITED'S unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

**50.** PLAINTIFF is entitled to backpay, front pay, compensatory damages, punitive damages, attorney's fee, costs of the suit, a declaration that UNITED violated his rights under Title VII, and an injunction preventing UNITED from enforcing its discriminatory policies.

**51.** PLAINTIFF is entitled to further relief as set forth below in his Prayer for Relief.

# THIRD CAUSE OF ACTION

**Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.] Failure to Provide Religious Accommodation Against UNITED**

52. PLAINTIFF hereby incorporates and realleges the preceding paragraphs, as though fully set forth herein.

53. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., makes unlawful employment practice to fail or refuse to accommodate the religious beliefs and practices of an employee or prospective employee.

54. PLAINTIFF suffered significant damages because of UNITED'S unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

55. UNITED intentionally violated Mr. Varkonyi's rights under Title VII with malice or reckless indifference.

56. PLAINTIFF is entitled to backpay, front pay, compensatory damages, punitive damages, attorney's fee, costs of the suit, a declaration that UNITED violated his rights under Title VII, and an injunction preventing UNITED from enforcing its discriminatory policies.

57. PLAINTIFF is entitled to further relief as set forth below in his Prayer for Relief.

# PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays this Court grant relief as follows:

A. Award PLAINTIFF backpay, including past loss of wages and benefits, plus interest;

  B. Award PLAINTIFF his front pay, including future wages and benefits;

  C. Award PLAINTIFF other and further compensatory damages in an amount according to proof;

  D. Award PLAINTIFF noneconomic damages, including but not limited to mental health suffrage;

  E. Award PLAINTIFF his reasonable attorney's fees and costs of suit;

  F. Award PLAINTIFF punitive damages.

  G. Enjoin UNITED from enforcing its discriminatory policies;

  H. Declare that UNITED has violated Title VII of the Civil Rights Act and RFRA; and

  I. Grant PLAINTIFF such additional or alternative relief as the Court deems just and proper.

DATED: 05/19/2023        PACIFIC JUSTICE INSTITUTE

                /s/ Michael J. Peffer
                MICHAEL PEFFER, ESQ.,
                Attorney for Plaintiff,
                ROBERT VARKONYI

**SECOND AMENDED VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

# DEMAND FOR JURY TRIAL

PLAINTIFF, ROBERT VARKONYI hereby demands a jury trial in this matter.

DATED:   05/19/2023                    PACIFIC JUSTICE INSTITUTE

/s/ Michael J. Peffer
MICHAEL PEFFER, ESQ.,
Attorney for Plaintiff,
ROBERT VARKONYI

## VERIFICATION

I, Robert Varkonyi, am the Plaintiff in the above-captioned matter. I have read the SECOND AMENDED VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.] and am familiar with same. The contents are true and accurate and known to me by personal knowledge except for those matters asserted on information and belief. As to those matters, I believe them to be true. I declare under penalty of lying under oath, under the laws of the United States and the State of California, that the foregoing is true and correct. Executed this 17 day of May 2023, in the County of Los Angeles, State of California.

                                                            ROBERT VARKONYI

- 15 -

AMENDED VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII
OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]

# EXHIBIT ONE (1)

**SECOND AMENDED VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

EEOC Form 161-B (01/2022)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

| To: | Mr. Robert Varkonyi<br>4445 Libra Drive<br>VANDENBERG VILLAGE, CA 93436 | From: | Birmingham District Office<br>1130 22nd Street South, Suite 2000<br>Birmingham, AL 35205 |
|---|---|---|---|

| EEOC Charge No.<br>480-2022-00953 | EEOC Representative<br>**MICHAEL COCHRAN,**<br>Enforcement Supervisor | Telephone No.<br>**(205) 651-7047** |
|---|---|---|

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC will continue to process this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.*

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**MICHAEL COCHRAN**  Digitally signed by MICHAEL COCHRAN
Date: 2022.10.21 10:57:12 -05'00'

Enclosures(s)     *for*     **Bradley A. Anderson**
**District Director**

cc: Rachel Vaden
**UNITED LAUNCH ALLIANCE**
**9950 E. Easter Ave Unit A**
**Centennial, CO 80112**
Gillian Dale
**9501 E PANORAMA CIR**
**Centennial, CO 80112**

Enclosure with EEOC
Form 161-B (01/2022)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*